UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY KAYE, AHRON BERLIN,<br><br>      Plaintiffs,<br><br>      v.<br><br>BARRY S. FRANKLIN & ASSOCIATES, P.A., BARRY S. FRANKLIN, OLIVIA RETENAUER, RICHARD J. MCCORD, CERTILMAN BALIN ADLER & HYMAN, LLP, ROBERT NOSEK, MARGALIT SCHNEORSON, MICHAEL H. COHEN, COHEN & SCHNEORSON INVESTMENT LLC, FURR AND COHEN, P.A., ALAN R. CRANE, ESQ.,<br><br>      Defendants. | **MEMORANDUM & ORDER**<br>23-cv-2755 (HG) (MMH) |

**HECTOR GONZALEZ**, United States District Judge:

  Defendants Certilman Balin Adler & Hyman, LLP, Richard J. McCord, and Robert Nosek ("Defendants") removed this case from New York Supreme Court, Kings County, on April 12, 2023, pursuant to 28 U.S.C. §§ 1331, 1334 and 1452(a), and 28 U.S.C. § 157(b)(2)(A), (E) and (O), and Rule 9027 of the Federal Rules of Bankruptcy Procedure. ECF No. 1 (Notice of Removal). Defendants seek to have the case referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), where a bankruptcy case related to the claims brought in this action is pending. ECF No. 6 (Motion to Refer to Bankruptcy Court); *see also In re Menachem Mendel Schneorson*, No. 22-40433. Plaintiffs, on the other hand, have filed a motion to remand the case back to Kings County Supreme Court and oppose referral to the Bankruptcy Court. ECF No. 9 (Remand Motion).

  In their Remand Motion, Plaintiffs acknowledge that Defendants "have the right to remove" the action to this Court but argue that "the interests of justice and fairness would be best

served by the remand of this case."  ECF No. 9 at 8.  The Court disagrees and finds that Defendants' removal is proper pursuant to 28 U.S.C. § 1452(a) which provides for the removal of claims related to bankruptcy cases to the district court for the district where such civil action is pending.  *See, e.g., Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11-cv-2232, 2011 WL 4965150, at *3 (S.D.N.Y. Oct. 19, 2011)[1] ("District Courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.  Litigation is related to a bankruptcy proceeding if the action's outcome might have any conceivable effect on the bankrupt estate.").

The Court also finds that referral to the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 157(a), under which the Court may refer all proceedings "related to a case under title 11" to the Bankruptcy Court.  The causes of action that Plaintiffs assert against Defendants relate to and arise out of Defendants' roles and related actions as the court-appointed Chapter 7 trustee for the estate at issue in the Bankruptcy Court (the "Trustee") and as the attorneys retained by the Trustee.  ECF No. 7 (Opposition to Remand Motion).  Accordingly, Plaintiffs' claims either arise under or are related to the pending Chapter 7 proceedings taking place in the Bankruptcy Court under docket number 22-40433 and involve "an issue already before the bankruptcy court."  *In re Ames Dept. Stores, Inc.*, 319 F. App'x 40, 41 (2d Cir. 2009); *see also* 28 U.S.C. § 157(b)(2)(A), (E), and (O) (Core proceedings arising under title 11 "include, but are not limited to—matters concerning the administration of the estate; . . . orders to turn over property of the estate; . . . [and] other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship[.]").  Therefore,

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

referral of this action to the bankruptcy court is in the interest of justice because "the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal and . . . the highly complex laws needed to constitute the bankruptcy courts and regulate the rights of debtors and creditors also underscore the need to jealously guard the bankruptcy process from even slight incursions and disruptions." *Empery Tax Efficient, LP v. MusclePharm Corp.,* No. 23-cv-74, 2023 WL 2580006, at *12 (S.D.N.Y. Mar. 21, 2023).

For the reasons set forth above, Defendants' motion to refer this case to the Bankruptcy Court for the Eastern District of New York, *see* ECF No. 6, is GRANTED, and Plaintiffs' motion to remand this case back to Kings County Supreme Court, *see* ECF No. 9, is DENIED. This action is hereby referred to the Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a) and this Court's Standing Orders of Reference dated August 28, 1986, and December 5, 2012.

SO ORDERED.

       */s/ Hector Gonzalez*  .
       HECTOR GONZALEZ
       United States District Judge

Dated: Brooklyn, New York
       January 26, 2024

3